IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------x

GARDEN STATE EQUITIES INC.;
COLONNADES TOWER ASSOCIATES,
L.P.; OAKWOOD REALTY CO., LLC;
GLASS TOWER ASSOCIATES, L.P.;
and AHRON KIRZNER,

    Plaintiffs-Counterclaim Defendants,

v.

DEANE EARL ROSS; STONEPINE, INC.;
WILSHIRE INVESTMENTS CORP.;
FD WORTH, L.P.; ASSOCIATED
FINANCIAL CORP.; and YORKSHIRE
INVESTMENTS, LLC,

    Defendants-Counterclaim Plaintiffs.

------------------------------------x

Honorable Peter G. Sheridan

No. 05 Civ. 00085 (PGS) (ES)

### [PROPOSED] ORDER REGARDING PLAINTIFFS' APPEAL OF MAGISTRATE JUDGE SALAS' OPINION AND ORDER OF MAY 2, 2008 AND SCHEDULING

The Court, having held a conference with counsel for plaintiffs-counterclaim defendants ("plaintiffs") and defendants-counterclaim plaintiffs ("defendants") on May 22, 2008 and having considered various matters, including plaintiffs' appeal of Magistrate Judge Salas' Opinion and Order of May 2, 2008 granting defendants leave to file an Amended Answer and Counterclaims, and good cause having been shown,

**IT IS HEREBY ORDERED**, on this 28 day of May 2008 that,

1. Magistrate Judge Salas' Order granting defendants leave to file an Amended Answer and Counterclaims is affirmed with the modification that plaintiffs are granted leave to depose Deane Earl Ross and Richard Tell in Los Angeles, California on mutually agreeable date(s) in July 2008, following the Court's ruling on any Fed. R. Civ. P. Rule 12 motion by plaintiffs to dismiss the fraud counterclaim and provided that that counterclaim is not dismissed. Plaintiffs' depositions of Messrs. Ross and Tell shall be reasonably limited in scope to the newly-pled allegations in defendants' fraud counterclaim. Plaintiffs' request that defendants be required to reimburse plaintiffs for the costs and expenses of such depositions is denied. The parties are responsible for their own costs and expenses.

2. Plaintiffs shall serve any Fed. R. Civ. P. Rule 12 motion directed to defendants' Amended Answer and Counterclaims on or before June 6, 2008.

3. On or before August 1, 2008, (i) defendants shall file any summary judgment motion in favor of the Amended Counterclaims; and (ii) plaintiffs shall file any summary judgment motion against the Amended Counterclaims.

4. The Court reserves on the question of whether the filing of defendants' Amended Answer and Counterclaims on May 6, 2008 pursuant to the Salas Order of May 2, 2008 moots plaintiffs' motion for summary judgment against defendants' original counterclaims filed on February 12, 2008.

_____
Honorable Peter G. Sheridan
United States District Judge

2